1  **BRYAN CAVE LLP**
2  Marcy J. Bergman, California Bar No. 75826
   Stephanie A. Blazewicz, California Bar No. 240359
3  Alexandra Costanza, California Bar No. 303046
   560 Mission Street, 25th Floor
4  San Francisco, CA 94105
5  Telephone:    (415) 268-2000
   Facsimile:    (415) 268-1999
6  Email:        marcy.bergman@bryancave.com
                 stephanie.blazewicz@bryancave.com
7                alex.whitworth@bryancave.com
8
   Attorneys for Plaintiff
9  AIRWAIR INTERNATIONAL LTD.

10

11              **UNITED STATES DISTRICT COURT**

12              **NORTHERN DISTRICT OF CALIFORNIA**

13

| 14 | AIRWAIR INTERNATIONAL LTD., a company of the United Kingdom, | Case No. |
|---|---|---|
| 15 | | **COMPLAINT FOR** |
| 16 | Plaintiff, | |
| 17 | vs. | (1) FEDERAL TRADEMARK INFRINGEMENT |
| 18 | YOUTH RISE UP, INC. D/B/A CUTE TO THE CORE, a California corporation; and DOES 1-50, | (2) FEDERAL FALSE DESIGNATION OF ORIGIN |
| 19 | | (3) TRADEMARK DILUTION |
| 20 | Defendants. | (4) CALIFORNIA STATUTORY UNFAIR COMPETITION |
| 21 | | (5) COMMON LAW UNFAIR COMPETITION |
| 22 | | (6) CALIFORNIA STATUTORY TRADEMARK DILUTION |
| 23 | | **DEMAND FOR JURY TRIAL** |
| 24 | | Date Action Filed: |

1. Plaintiff AIRWAIR INTERNATIONAL LTD. is a wholly owned subsidiary of Dr. Martens AirWair Group Ltd. and is engaged in the design, manufacture, marketing, and sale of Dr. Martens® footwear (Airwair International Ltd. and Dr. Martens AirWair Group Ltd. are referred to collectively hereafter as "AirWair"). Airwair International Ltd. is a company of the United Kingdom, located and doing business at Cobbs Lane, Wollaston, Wellingborough, Northamptonshire, NN29 7SW, United Kingdom.

2. On information and belief, Defendant YOUTH RISE UP, INC. D/B/A CUTE TO THE CORE ("YRU" or "Defendant") is a California corporation located and doing business at 13961 Ramona Avenue, Chino Hills, CA 91710.

3. YRU manufactures, markets, distributes, and sells footwear products in the United States and within this District through its website, http://www.y-r-u.com. YRU's footwear products are the subject matter of this action.

4. Defendants sued as DOES 1 through 50 are persons or entities whose identities are not yet known to AirWair ("Doe Defendants"). Plaintiff will seek leave of Court to substitute their true names when they become known.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), in that this case arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 et seq.

6. This Court has pendant jurisdiction under 28 U.S.C. § 1338(b), in that this case arises under claims joined with a substantial and related claim under the trademark laws of the United States.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant conducts business within this District and has engaged in, and continues to engage in, acts of advertising and offering services and retail goods and products to consumers located within this District.

## FACTUAL ALLEGATIONS

8. AirWair is headquartered in the village of Wollaston, England and, through

its predecessor company, has manufactured footwear since 1901. AirWair has been manufacturing and marketing Dr. Martens® footwear since 1960. Dr. Martens footwear is famous worldwide, and has been sold in England and throughout Europe; in Japan, China, Korea, Malaysia, Hong Kong, Thailand, Vietnam, and other Asian countries; in the United States, Canada, Mexico, and Central and South America; in Australia and New Zealand; and in the Middle East. AirWair operates nineteen retail stores in the United States and Canada, and twenty-two retail stores in the United Kingdom. Dr. Martens brand retail stores are also located in Paris, Stockholm, Amsterdam, Copenhagen, Johannesburg, and Antwerp. There are twenty Dr. Martens retail stores in Japan; three retail stores in Korea; ten retail stores in China; six retail stores in Hong Kong; and stores in Taiwan, Singapore, Thailand, Malaysia, the Philippines, Indonesia, and Veitnam.

9. Since as early as 1984, AirWair has marketed and sold Dr. Martens boots, shoes and sandals in the United States using a distinctive trade dress that features yellow stitching in the welt area of the sole, a two-tone grooved sole edge, and a black fabric heel loop.

10. Dr. Martens footwear is widely recognized and extremely popular and has achieved recognition as ranking among the world's greatest and most recognizable brands. The distinctive trade dress of its iconic boots and shoes has been used by the company since 1960 and is world famous. Over the past 30 years, millions of pairs of shoes, boots, and sandals with the distinctive trade dress have been sold in the United States.

*[balance of page intentionally left blank]*

SF01DOCS\241228.1 0367371

11. AirWair holds many registrations for its trade dress throughout the world including the following registrations in the United States Patent and Trademark Office:

| Trade Dress Mark[1] | Design Element (where applicable) | Goods/Service |
|---|---|---|
| **Footwear Design (The "DMS undersole")** *(incontestable mark) 2,102,468 10/07/1997<br><br>Attached as **Exhibit 1** | | Class 25: Footwear<br><br>Notes: The mark consists of the design of an undersole. The phantom lining is not a part of the mark, but merely indicates the position of the mark. |
| **Footwear Design** *(incontestable mark) 2,437,750 03/27/2001<br><br>Attached as **Exhibit 2** | | Class 25: Footwear<br><br>Notes: The mark consists of a welt stitch located around the perimeter of footwear. The phantom lining is not a part the mark, but merely indicates the position of the mark. The drawing of the welt stitch is lined for the color yellow and claim is made to color. |
| **Footwear Design** *(incontestable mark) 2,437,751 03/27/2001<br><br>Attached as **Exhibit 3** | | Class 25: Footwear<br><br>Notes: The mark consists of the combination of yellow stitching in the welt area and a two-tone grooved sole edge. The drawing of the welt stitch is lined for the color yellow, and claim is made to color. |

---

[1] An "*" denotes that a declaration of continued use has been filed under Section 15 of the Lanham Act and the mark has become incontestable.

SF01DOCS\241228.1 0367371

| | | |
|---|---|---|
| **Footwear Design** 2,104,349 10/7/1997 (Supp.) Attached as **Exhibit 4** |  | Class 25: Footwear<br><br>Notes: The mark consists of the design of an sole edge including longitudinal ribbing, and a dark color band over a light color. The phantom lining is not a part of the mark, but merely indicates the position of the mark. |
| **Footwear Design** 2,341,976 04/11/2000 (Supp.) Attached as **Exhibit 5** | | Class 25: Footwear<br><br>Notes: The mark consists of longitudinal ribbing and a dark color band over a light color on the outer sole edge, welt stitching, and a tab located at the top back heel of footwear. |

12. All of the above trade dress of Dr. Martens footwear ("Dr. Martens Trade Dress") has been in use in the United States since at least 1984.

13. AirWair has filed declarations of continued use under Sections 8 and 15 of the Lanham Act for Dr. Martens Trade Dress marks referenced in Exhibits 1, 2, and 3, and those marks have thus become incontestable.

14. The Dr. Martens Trade Dress is unique and distinctive when applied to the high quality Dr. Martens footwear and related merchandise, and identifies the merchandise as high-quality goods from AirWair. The registration of these marks constitutes *prima facie* evidence of their validity, and conclusive evidence of AirWair's exclusive right to use the Dr. Martens Trade Dress in connection with the goods identified therein and other commercial goods.

15. The Dr. Martens Trade Dress marks qualify as famous marks, as that term is used in 15 U.S.C. § 1125 (c)(1), and such marks have been continuously used and never abandoned.

16. In 2010, AirWair celebrated the 50th anniversary of its classic Dr. Martens footwear with its distinctive Trade Dress, including yellow welt stitching, two-tone grooved sole edge, and the heel loop. Examples of classic Dr. Martens footwear, including the 1460 boot, are shown below.




17. The distinctive Dr. Martens Trade Dress and each of the distinctive elements thereof are distinctive or have acquired distinctiveness, and are non-functional.

18. AirWair is informed and believes that YRU has marketed, distributed, and sold boots that are confusingly similar to and which unlawfully copy the distinctive Dr. Martens Trade Dress and various distinctive features of Dr. Martens footwear in violation of AirWair's rights. The infringing styles manufactured, marketed, and sold by Defendant include the "SEATTLE CLEAR" style (the "Infringing Footwear"), pictured in **Exhibit 6** attached hereto.

19. The Infringing Footwear unlawfully copies and uses the distinctive Dr. Martens Trade Dress and distinctive features of Dr. Martens footwear, including the grooved sole edge and DMS Undersole pattern (incontestable U.S. registration no. 2,102,468).




**Genuine Dr. Martens® 1460 Boot**     **YRU Infringing "SEATTLE CLEAR"**

20. The Infringing Footwear contains an exact copy of the DMS Undersole pattern, as shown below, and is likely to cause confusion as to the source, sponsorship, or origin of the Infringing Footwear:



**Genuine Dr. Martens® DMS Undersole**



**YRU Infringing Footwear Undersole**

SF01DOCS\241228.1 0367371

21. The Infringing Footwear was offered for sale, advertised, and promoted in the United States on www.nastygal.com, www.zooshoo.com, www.amazon.com, and on information and belief, at the YRU website, http://www.y-r-u.com/. YRU also advertises through Facebook (https://www.facebook.com/yru.realm), Instagram (http://instagram.com/y.r.u), and Tumblr (http://y-r-u.tumblr.com/), marketing and promoting the Infringing Footwear in California.

22. AirWair is informed and believes that the infringing footwear is regularly sold in California and in the Northern District of California. True and correct copies of receipts for the Infringing Footwear purchased in California on March 6, 2014, and March 18, 2015, through http://www.nastygal.com/ and www.zooshoo.com are attached hereto as **Exhibit 7**.

23. AirWair sent YRU a letter on or about April 4, 2014, enclosing copies of its Trade Dress registrations and demanding that YRU cease and desist manufacturing, distribution, shipment, sale and offering for sale, advertising, display or promotion of the Infringing Footwear; withdraw and destroy all inventory previously shipped to retailers and e-tailers; and instruct all retailers and e-tailers to remove images of the Infringing Footwear from their stores, websites, and materials. Despite receiving this letter and numerous follow-up correspondence between the parties, YRU has continued to sell and offer for sale and/or allowed to be sold and offered for sale the Infringing Footwear. (*See* http://www.amazon.com/gp/product/B00H3WGFIY and **Exhibit 7**.)

24. YRU's offering for sale and sale of the Infringing Footwear is likely to cause and has caused confusion between Dr. Martens footwear and YRU's footwear.

25. YRU is familiar with the Dr. Martens Trade Dress, and intentionally copied the same in its Infringing Footwear. In light of the correspondence between the parties starting in April 2014, this is an "exceptional case" of infringement within the meaning of 15 U.S.C. §§ 1117(b) and 1117(a)(3) because YRU knowingly and intentionally continued to sell and allow to be sold the Infringing footwear, and AirWair is therefore entitled to treble damages and attorneys' fees.

26. The use of the Dr. Martens Trade Dress on the Infringing Footwear suggests a sponsorship and affiliation that does not exist.

27. YRU has no right to use the Dr. Martens Trade Dress. YRU's sale, advertisement, distribution, and promotion of the Infringing Footwear in the United States is without authorization or consent from AirWair.

28. YRU's conduct in copying the Dr. Martens Trade Dress has been systematic and deliberate. YRU has copied the Dr. Martens Trade Dress, and the overall style and configuration of Dr. Martens boots and shoes in a deliberate and calculated attempt to trade upon the popularity and distinctive appearance and design of Dr. Martens footwear.

29. By reason of YRU's acts, AirWair has suffered and will continue to suffer damage to its business, reputation, and goodwill, and the loss of sales and profits AirWair would have realized but for YRU's acts. Unless restrained and enjoined, YRU will continue to engage in the acts complained of and irreparably damage AirWair. AirWair's remedy at law is not adequate to compensate AirWair for all the resulting injuries arising from YRU's actions.

**FIRST CLAIM FOR RELIEF**

**(Trademark Infringement in Violation of**

**Lanham Act Section 32, 15 U.S.C. § 1114)**

30. AirWair realleges and incorporates by reference paragraphs 1 through 29 of this Complaint.

31. Defendant has, on or in connection with footwear products, used in commerce subject to regulation by the U.S. Congress, a reproduction, counterfeit, copy or colorable imitation of the Dr. Martens Trade Dress in connection with the sale, offering for sale, distribution, and/or advertising of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive.

32. Defendant has, on or in connection with footwear products, reproduced, counterfeited, copied and/or imitated the Dr. Martens Trade Dress and has applied such reproductions, counterfeits, copies and/or colorable imitations to footwear, signs, displays,

1  advertisements, promotional materials, packaging, website content, and other materials
2  used in commerce in connection with the sale, offering for sale, distribution, or advertising
3  of goods and services, which use is likely to cause confusion, or to cause mistake, or to
4  deceive.

5  33. Defendant is acting and has acted with knowledge that its copying and use of
6  the Dr. Martens Trade Dress is unauthorized, and such imitation is intended to cause
7  confusion, or to cause mistake, or to deceive.

8  34. Defendant's acts are in violation of 15 U.S.C. § 1114, and AirWair has been
9  and is likely to be damaged by these acts.

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition and False Designation of Origin in Violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a))

35. AirWair realleges and incorporates herein by reference paragraphs 1 through 34 of this Complaint.

36. Defendant's unlawful copying and use of the Dr. Martens Trade Dress in connection with its footwear products is a false and misleading designation of origin and a false and misleading representation of facts, which:

(a) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with AirWair, or as to the origin, sponsorship, or approval of Defendant's goods or commercial activities by AirWair; and/or

(b) in commercial advertising or promotion, misrepresent the nature, characteristics, or qualities of Defendant's goods, services, or commercial activities.

37. Defendant's acts are in violation of 15 U.S.C. § 1125(a), and AirWair has been and is likely to be damaged by these acts.

## THIRD CLAIM FOR RELIEF

### (Federal Trademark Dilution in Violation of Lanham Act Section 43(c), 15 U.S.C. § 1125(c))

38. AirWair realleges and incorporates herein by reference paragraphs 1 through

SF01DOCS\241228.1 0367371

37 of this Complaint.

39. The Dr. Martens Trade Dress are distinctive and famous in the United States. Defendant has used and is using trade dress on its footwear products which is substantially indistinguishable from the Dr. Martens Trade Dress, after they became famous.

40. On information and belief, Defendant acted with knowledge of the fame and reputation of the Dr. Martens Trade Dress with the purpose of usurping such rights and to willfully and intentionally confuse, mislead, and deceive members of the public.

41. Defendant's actions have and are likely to dilute, blur and tarnish the distinctive quality of the Dr. Martens Trade Dress, and lessen the capacity of the Dr. Martens Trade Dress to identify and distinguish the company's products.

42. Defendant's acts are in violation of 15 U.S.C. § 1125(c), and AirWair has been and is likely to be damaged by these acts. Unless Defendant is restrained, AirWair will continue to suffer damages and injury to its reputation and goodwill.

43. Because Defendant acted willfully and intentionally to trade on AirWair's reputation and/or cause dilution of its famous Dr. Martens Trade Dress, AirWair is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

### FOURTH CLAIM FOR RELIEF

**(Unfair Competition in Violation of California Business & Professions Code Section 17200, et seq.)**

44. AirWair realleges and incorporates herein by reference paragraphs 1 through 43 of this Complaint.

45. Defendant's acts including the unlawful use and imitation of the Dr. Martens Trade Dress in connection with the manufacture, marketing, distribution and sale of footwear products constitute an unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising, in violation of California Business and Professions Code §§ 17200, et seq.

46. Defendant's pattern and practice of imitating the Dr. Martens Trade Dress in connection with their footwear products, and of trading upon AirWair's goodwill and

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

1 | reputation, constitutes an unfair business practice in violation of California Business and
2 | Professions Code §§ 17200, et seq.

3 | 47. Defendant's conduct was willful, and AirWair has been and is likely to be
4 | damaged by these acts.

## FIFTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

7 | 48. AirWair realleges and incorporates by reference paragraphs 1 through 47 of
8 | this Complaint.

9 | 49. Defendant's use and imitation of the Dr. Martens Trade Dress and the
10 | combination of its style features in footwear constitutes infringement, copying, imitation,
11 | and misappropriation of AirWair's intellectual property, unjust enrichment of Defendant,
12 | and unfair competition with AirWair in violation of AirWair's rights under the common
13 | law of the State of California and other states of the United States.

14 | 50. Defendant's willful acts of misrepresentation, fraud, and deceit have unjustly
15 | enriched Defendant and violated AirWair's rights.

## SIXTH CLAIM FOR RELIEF

### (Dilution in Violation of California Business &
### Professions Code Section 14247, et seq.)

19 | 51. AirWair realleges and incorporates by reference paragraphs 1 through 50 of
20 | this Complaint.

21 | 52. The Dr. Martens Trade Dress have become famous, in that they are widely
22 | recognized by the general consuming public of this state as a designation of source
23 | AirWair's high quality goods and services.

24 | 53. After the Dr. Martens Trade Dress became famous, Defendant began using
25 | trade dress and trademarks in connection with the Infringing Footwear that are
26 | substantially identical to the Dr. Martens Trade Dress.

27 | 54. Defendant's actions have diluted, blurred, and tarnished the strong and
28 | positive associations represented by the Dr. Martens Trade Dress by lessening the capacity

1  of the Dr. Martens Trade Dress to identify and distinguish AirWair's products and by
2  causing AirWair's products and the Dr. Martens Trade Dress to be associated with
3  footwear not made, sponsored or approved by AirWair.
4      55.    Defendant's acts are in violation of California Business & Professions Code
5  sections 14247, et seq., and AirWair has been and is likely to be damaged by these acts.

## PRAYER FOR RELIEF

7  Wherefore, AirWair prays for judgment in its favor and against Defendant:
8      A.    A preliminary and permanent injunction enjoining Defendant, its officers,
9  shareholders, agents, servants, employees, attorneys, successors and assigns, suppliers,
10  manufacturers, distributors, business partners, e-tailers, retailers, and those in privity with
11  them, and those persons in active concert or participation with any of them who receive
12  actual notice of the judgment by personal service or otherwise, from manufacturing,
13  marketing, distributing or selling the Infringing Footwear or any other footwear products
14  that use, imitate or copy any of the Dr. Martens Trade Dress or Trademarks, as illustrated
15  in **Exhibits 1-5**, or any combination of them.
16      B.    An Order directing Defendant to file with this Court and serve on AirWair's
17  counsel within 30 days after service of an injunction, a report under oath setting forth in
18  detail the manner and form in which Defendant has complied with the injunction.
19      C.    An Order that (1) all point-of-sale materials, labels, signs, boxes, prints,
20  catalogs, line sheets, marketing materials, internet web pages, metatags, packages, papers,
21  other trade dress, and advertisements in the possession or control of Defendant bearing
22  images, illustrations, or representations of the enjoined footwear, Trade Dress,
23  Dr. Martens® name, and undersole patterns, and all plates, molds, matrixes, and other
24  means of making the same, be delivered to AirWair's counsel or destroyed in accordance
25  with written instructions from AirWair; (2) that Defendant disclose the identities of the
26  vendors, manufacturers, distributors, suppliers, retailers, and e-tailers of the Infringing
27  Footwear, sole molds, and undersole; (3) all footwear bearing any of the Trade Dress
28  features identified in Exhibits 1-5 hereto be delivered to AirWair or destroyed in

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

1 accordance with written instructions from AirWair; and (4) all internet advertising, including keywords, adwords, metatags, sponsored ads, links, and other advertising that uses or refers to Dr. Martens, DOCS, DMs, or any version of the Dr. Martens Trade Dress be immediately discontinued and removed from operation or view.

D. An accounting for Defendant's profits arising from Defendant's unfair competition and trademark infringement and an award of Defendant's profits to Plaintiff, including disclosure of the number of pairs of Infringing Footwear sold in the United States and internationally and an accounting for the gross revenue derived from sale of the Infringing Footwear.

E. An award of damages sustained by Plaintiff.

F. In the alternative to actual damages and profits, an award of statutory damages in an amount of not more than $1,000,000 per counterfeit mark per type of services and/or goods sold or offered for sale by Defendant.

G. An award of treble the actual damages awarded.

H. Pre-judgment and post-judgment interest on the above damage awards.

I. An award of costs and reasonable attorney's fees and expenses incurred by AirWair in connection with this action.

J. Such other and further relief which this Court may deem just.

## DEMAND FOR JURY TRIAL

AirWair hereby demands a trial by jury.

Dated: September 30, 2015

**BRYAN CAVE LLP**

By: /s/ Alexandra Costanza
Marcy J. Bergman
Stephanie A. Blazewicz
Alexandra Costanza
Attorneys for Plaintiff
AIRWAIR INTERNATIONAL LTD.